ANGELO CATALDO et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31771.)

Court of Claims, April 7, 1954.

*John P. Gualtieri* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Douglas L. Manley* of counsel), for defendant.

MAJOR, J. This claim was on the Utica Trial Term calendar for the term opening on September 14, 1953. At the opening of the court, a motion on behalf of the State was returnable, asking "for an order dismissing the claim upon the ground that the Court has not jurisdiction thereof because no claim was filed within the time provided by Section 10 of the Court of Claims Act".

It appears from the affidavits of the State filed on and pertaining to the motion that the State filed the appropriation map in the Oneida County Clerk's office on February 28, 1951, and service was made personally on the claimants, Angelo Cataldo and Rita Cataldo, on February 28, 1951.

Claimants mailed their claim on March 4, 1953, which is more than two years after service of the description, map and notice of filing on the claimants.

On the return day of this motion, the claimants filed affidavits each stating: " there has never been served upon me any notice to the effect that said map and description were filed in the office of the Clerk of Oneida County or giving the date of filing thereof".

Notice of the filing of the map and description is a vital requirement to constitute proper service on the owners of real property in an appropriation.

The affidavits on the motion are diametrically opposed and, therefore, a question of fact was created upon which the court asked that evidence be taken, if the parties so desired. This was agreed upon and the matter was adjourned from time to time, awaiting the convenience of the parties to take such testimony. Apparently, the time has never arrived, and the court feels that this matter should be disposed of without further delay.

In the absence of more convincing evidence to the contrary, the claim of the claimants must be accepted in an appropriation matter, because of the constitutional requirement of just compensation.

It is unnecessary at this time to consider the other questions raised on the argument of this motion.

The motion of the State of New York to dismiss this claim is denied.

Submit order accordingly.